# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JAMES SHINN, JR., : <br> AIS 151346, : <br>     Petitioner, : <br> vs. :     CA 13-0346-KD-C <br> : <br> CHRISTOPHER GORDY, : <br>     Respondent. | |

## REPORT AND RECOMMENDATION

Robert James Shinn, Jr., filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court on or about June 18, 2013 (Doc. 1, at 13), along with an application to proceed without prepayment of fees and affidavit (Doc. 2). By order dated July 10, 2013, this action was consolidated with the "brief" filed by petitioner in CA 13-349 because it was clear to the undersigned that "Shinn merely intended to file []his 'brief' (CA 13-349) in support of his habeas corpus petition (filed on this Court's form in CA 13-346) instead of filing a separate habeas attack." (Doc. 3, at 2.) This prisoner action now has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon petitioner's failure to prosecute this action and comply with the Court's order dated July 12, 2013 (Doc. 5).

Because petitioner's application to proceed without prepayment of fees and affidavit (Doc. 2) was not filed on this Court's form, the undersigned entered an order

on July 12, 2013 denying petitioner's motion and instructing Shinn to file the appropriate form motion to proceed without prepayment of fees (Doc. 5).[1] Both the order and the correct form were sent to Shinn at the address provided to this Court and have not been returned to the Court. (*See* Doc. 5 & Docket Sheet.) In the order dated July 12, 2013, petitioner was informed that "[f]ailure to comply with this order within the prescribed time or to notify the Court of a change of address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (Doc. 5.) Petitioner was given a period of time, up to and including August 1, 2013, "to file this Court's form for a motion to proceed without prepayment of fees or to pay the required filing fee." (*Id.*) To date, petitioner has not complied with this Court's order instructing him to file a completed motion to proceed without prepayment of fees (or otherwise, pay the required filing fee). (*See* Docket Sheet.)

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order dated July 12, 2013, instructing him to file an *in forma pauperis* motion (or pay the required filing fee) not

---

[1] Given the contents of this order, Shinn's application to proceed without prepayment of fees and affidavit (Doc. 2) should no longer be shown as pending a ruling on the docket sheet (*compare* Doc. 5 *with* Docket Sheet).

2

later than August 1, 2013. (*Compare* Docket Sheet *with* Doc. 5.) Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Shinn's habeas action pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of August, 2013.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**